John W. MOIR, Petitioner,

v.

DEPARTMENT OF the TREASURY, Respondent.

Appeal No. 84–1355.

United States Court of Appeals, Federal Circuit.

Feb. 6, 1985.

Jack B. Solerwitz, Solerwitz, Solerwitz & Leeds, Mineola, submitted for petitioner.

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation and Michael K. Martin, Merit Systems Protection Board, Washington, D.C., submitted for respondent.

Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and SKELTON, Senior Circuit Judge.

FRIEDMAN, Circuit Judge.

This is an appeal from a decision of the Merit Systems Protection Board (Board) dismissing as untimely the petitioner's appeal to the Board of his removal from his position with the Internal Revenue Service. We affirm and, because we conclude that the appeal is frivolous, we assess against the petitioner and his attorney costs and attorney's fees of five hundred dollars ($500).

I

The Internal Revenue Service removed the petitioner from his position with that agency. The petitioner appealed that removal to the Board. On August 18, 1981, the presiding official of the Board dismissed that appeal without prejudice, pursuant to the parties' stipulation for such dismissal to enable the petitioner to apply to the Office of Personnel Management (OPM) to reconsider his request for disability retirement. The order of dismissal stat-

ed that "the appeal may be refiled within twenty (20) days of a reconsideration by OPM." *Moir v. Department of Treasury,* Initial Decision No. NY07528110233.

On July 2, 1982, OPM issued its decision on reconsideration that denied the petitioner's application for disability retirement. The petitioner appealed that decision to the Board. The Board's presiding official on September 1, 1982 issued an initial decision affirming OPM's denial of disability retirement. *Moir v. Office of Personnel Management,* MSPB Docket No. NY831L8210439. In accordance with Board regulations, that decision became final on October 6, 1982.

On November 2, 1983, the petitioner filed a motion to reinstate his appeal from the decision of the Internal Revenue Service terminating his employment. The presiding official, noting that the motion for reinstatement did not indicate the date of the OPM decision, directed the petitioner within 10 days to "submit evidence or argument, accompanied by affidavit, on the issue of timeliness."

In response, the petitioner submitted an affidavit of his attorney stating that "the files in our office indicate that a timely appeal was filed by [the petitioner]." The affidavit stated that "the motion which is the subject of the order to show cause is not one for appeal but rather is a motion for reinstatement pursuant to the above stipulation," pursuant to which the prior appeal had been dismissed without prejudice, and "the agency agreed not to oppose but rather to join in a timely application for reinstatement of the appeal." The affidavit further stated that "there is no regulation or case law which governs the timeliness of such a motion for reinstatement, particularly when the initial appeal has been timely filed."

The presiding official dismissed the refiled appeal as untimely. He stated that the refiled appeal was 4 months late and that the petitioner

> presented no evidence showing the petition was timely refiled. Nor did he indicate why the time limit set forth on the

initial decision could not be met. I find that the 4 month delay was not caused by circumstances beyond appellant's control or excusable neglect.

The Board denied a petition for review of the presiding official's decision. It pointed out that the presiding official had erred in concluding that the appeal had been filed only 4 months late, since the appeal was filed on November 2, 1983, which was 16 months after the OPM decision denying reconsideration of the petitioner's application for disability retirement.

## II

■ As we previously have held and as the petitioner recognizes, the decision whether to waive the 20-day period for filing an appeal to the Board is a matter within the discretion of that agency, and we will not upset the Board's refusal to waive the time limit unless such refusal "was arbitrary, an abuse of discretion, or otherwise not in accordance with law." *Phillips v. United States Postal Service,* 695 F.2d 1389, 1390 (Fed.Cir.1982). The authority to refile the appeal within 20 days of the OPM reconsideration decision that the Board's presiding official permitted in his August 18, 1981 order involved application of the 20-day period for filing appeals to the particular situation in this case. The principles governing the waiver of the 20-day appeal time are equally applicable to the Board's application of and refusal to waive the 20-day limit for refiling this appeal after the OPM reconsideration decision.

The petitioner has not come even close to showing that the Board committed a legal error or abused its discretion in dismissing this appeal as untimely. In his opening brief, the petitioner stated that he refiled his appeal with the Board on November 2, 1982, even though he knew that this was not the fact and that in denying review the Board had pointed out that the year of refiling was 1983. The petitioner argued that his appeal was timely because it was filed shortly after the Board's decision affirming the OPM denial of disability retire-

ment became final on October 6, 1982. It was not until his reply brief that the petitioner recognized that the year in which he refiled his appeal was 1983.

 The 20-day period for refiling the appeal unambiguously ran from the "date of reconsideration by OPM," not the date upon which the Board decision upholding the denial of disability retirement became final. Thus, even under the petitioner's erroneous view of the date of filing, his appeal was more than 3 months late. More importantly, the petitioner did not refile his appeal until more than a year after October 6, 1982 and 16 months after OPM denied disability retirement.

The petitioner has offered no possible justification for that substantial delay, and we discern none. It was simply a case of inexcusable neglect in making a timely filing. The Board did not commit legal error or abuse its discretion in treating the appeal as untimely and in refusing to waive the time limit.

### III

In *Asberry v. United States Postal Service,* 692 F.2d 1378 (Fed.Cir.1982), we held that the appeal was frivolous and assessed costs and attorney's fees of $500. We remitted the assessment, however, because prior to the creation of this court on October 1, 1982, neither of the predecessor courts had adopted rules imposing, nor had imposed, damages and attorney's fees for filing a frivolous appeal, so that the parties and counsel might not have been aware of the consequences of proceeding with such an appeal. We concluded our opinion with the following statement:

> After the date of this opinion, a frivolous appeal filed or proceeded with in this court, will result in imposition of damages and costs upon appellant and counsel in accordance with Rule 38 [of the Federal Rules of Appellate Procedure].

692 F.2d at 1382 (footnote omitted). *See also, United States v. Atkinson,* 748 F.2d 659, 662 (Fed.Cir.1984).

Since *Asberry,* the clerk has sent to counsel, in connection with notice of the docketing of an appeal, a reference to and quotation from the *Asberry* opinion. The petitioner and his counsel thus were on notice when they proceeded with this appeal of the consequence if it turned out to be frivolous.

 The appeal in this case was frivolous. As noted, the petitioner's initial argument rested upon a misstatement of the date on which he refiled his appeal with the Board. In any event, there was no plausible basis upon which the dismissal of the appeal as untimely could be deemed erroneous or an abuse of discretion.

Accordingly we assess costs and attorney's fees of five hundred dollars ($500) in favor of the government jointly and severally against Mr. Moir and his attorney, Jack B. Solerwitz.

AFFIRMED.