**Robert J. KLEIN and Joseph F. Meehan, Petitioners,**

v.

**DEPARTMENT OF TRANSPORTATION, FAA, Respondent.**

**Appeal No. 85-938.**

United States Court of Appeals, Federal Circuit.

July 25, 1985.

William F. Murphy, Rhinelander, Wis., argued for petitioners.

Sandra P. Spooner, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director.

Before FRIEDMAN, Circuit Judge, MILLER, Senior Circuit Judge,* and NIES, Circuit Judge.

FRIEDMAN, Circuit Judge.

This petition to review challenges the decision of the Merit Systems Protection Board (Board) affirming the Federal Aviation Administration's removal of the petitioners from their positions as air traffic controllers for participation in the illegal 1981 air traffic controllers' strike. We affirm and, because the appeal is frivolous, we assess costs and attorney's fees of five hundred dollars ($500) against the petitioners and their attorney.

I

The basic facts relating to the air traffic controllers' strike have been set forth in our opinion in *Schapansky v. Department of Transportation, FAA,* 735 F.2d 477, *cert. denied,* —— U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984), and need not be repeated here. At the time of the strike, each of the petitioners was a "developmental" air traffic controller, *i.e.,* a trainee. Both petitioners failed to report for their scheduled assignments during the strike, of which they were aware. Under *Schapansky, supra,* this evidence established the government's *prima facie* case of striking.

The primary ground upon which the petitioners attempted to rebut the *prima facie* case was the claim that as developmental air traffic controllers they were dependent upon union (PATCO) members for their training and career development. They also contended that PATCO workers harassed air traffic controllers who were non-union or unsympathetic to the union. They contended that it was for these reasons rather than by acting in concert with the strikers that they failed to report for work during the strike.

In a lengthy opinion discussing the cases of a number of removed air traffic controllers who had worked at the same facility, the presiding official discussed in detail the factual basis for each of the petitioners' alleged justification for not reporting for work during the strike. He found the arguments unconvincing, and concluded that neither petitioner had rebutted the government's *prima facie* case, and that a preponderance of evidence supported the agen-

---

* Judge Miller assumed senior status effective    June 6, 1985.

cy's determination that each of the petitioners had participated in the strike.

## II

*Schapansky* was one of 12 cases we decided on the same day. The opinions in those cases occupy more than 70 pages in volume 735 2d of the Federal Reporter (pp. 477–549), and they decided the major basic legal issues involved in determining the validity of the removal of the air traffic controllers.

The petitioners' 50-page opening brief contains not a single reference to, let alone any discussion of, any of those 12 decisions, even though several of them control and require rejection of a number of the petitioners' arguments. Instead, the brief consists of a meandering rehash of arguments rejected in those cases together with a number of contentions that on their face lack substance and can be characterized only as frivolous. The latter characterization also applies to this appeal.

The filing of such a brief and the pursuit of an appeal so lacking in merit imposed an unjustified and unnecessary burden upon this court and upon the government. We have pointed out on several occasions and have warned counsel that we would assess costs and attorney's fees against those who press frivolous appeals. *E.g., Griessenauer v. Department of Energy,* 754 F.2d 361 (Fed.1985); *Moir v. Department of the Treasury,* 754 F.2d 341 (Fed.1985); *United States v. Atkinson,* 748 F.2d 659 (Fed. 1984); *Asberry v. United States Postal Service,* 692 F.2d 1378 (Fed.1982).

Accordingly, costs and attorney's fees of five hundred dollars ($500) are assessed in favor of the government jointly and severally against the petitioners, Robert J. Klein and Joseph F. Meehan, and their attorney, William F. Murphy.

AFFIRMED

---

1. This opinion replaces the unpublished opinion issued on April 11, 1985, reversing the Claims