**Frank T. TRIOLA, Jr., Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, FAA, Respondent.**

**Appeal No. 85–1312.**

United States Court of Appeals, Federal Circuit.

Aug. 2, 1985.

Frank Triola, Jr., of Port Jefferson, New York, pro se.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Dir., and Sandra P. Spooner, Asst. Dir., Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., submitted for respondent.

Diane R. Liff, Asst. Gen. Counsel for Litigation, Dept. of Transp., of Washington, D.C., of counsel.

Before FRIEDMAN, Circuit Judge, MILLER, Senior Circuit Judge, and NIES, Circuit Judge.

FRIEDMAN, Circuit Judge.

This is an appeal by a former air traffic controller from the decision of the Merit Systems Protection Board (Board) affirming his removal as an air traffic controller for participation in the 1981 illegal air traf-fic controllers' strike. We affirm and, because this appeal is frivolous, we assess costs and attorney's fees of one hundred dollars ($100) against the petitioner.

1. The basic facts relating to the air traffic controllers' strike have been set forth in our opinion in *Schapansky v. Department of Transportation, FAA*, 735 F.2d 477 (Fed.Cir.) *cert. denied,* —— U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984), and need not be repeated here.

Petitioner was removed for striking on August 3, 1981. In an attempt to refute the government's *prima facie* case of striking (*see Schapansky*), the petitioner asserted, as the presiding official stated, that "he was under medication throughout the period which would have prevented him from working radar positions." Finding that "this did not excuse his absence," the presiding official stated:

> The uncontroverted testimony from his supervisor was that while a person on medication would never be allowed to man a radar position, Mr. Triola would have been assigned support duties. Mr. Triola's failure to report to work coupled with his failure to call in constitute compelling evidence of his participation in the strike.

2. The presiding official correctly so ruled. Even if the medication that the petitioner was taking would have prevented him from performing radar duties, the agency could have used him to do other work in the tower during the strike. The decision whether to excuse the petitioner from reporting for work because of medication he was taking was for the agency and not for the petitioner to make. The failure of the petitioner to call the tower and ask whether he should report despite the medication supports the Board's conclusion that his absence from work was due to his participation in the strike and not his alleged incapacitation due to medication he was taking. *Anderson v. Department of Transportation, FAA*, 735 F.2d 537, 541 (Fed.Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984).

In other words, to refute the government's *prima facie* case of strike participation based upon the employee's "unauthorized absence during a strike of general knowledge" (*Schapansky,* 735 F.2d at 482), the employee must show by objective evidence that he was incapable of performing any duties during the period for which he was supposed to be at work because of medication he was taking. It is not enough for him to state that he believed he was so incapacitated that he would not have been permitted to perform his regular or other duties if he had reported.

 3. This appeal is frivolous because all of petitioner's contentions either were rejected in our prior cases or are clearly without merit. Although the petitioner is appearing *pro se,* prior to proceeding he was advised of this court's practice of awarding costs and attorney's fees in frivolous appeals. *Cf. Moir v. Department of the Treasury,* 754 F.2d 341, 343 (Fed.Cir. 1985). The petitioner's pursuit of this frivolous appeal resulted in unnecessary expenditure of judicial resources and the time of government counsel, and constituted a misuse of the judicial process. Accordingly, costs and attorney's fees of one hundred dollars ($100) are assessed in favor of the government against the petitioner, Frank T. Triola, Jr.

AFFIRMED.