Diana NAGY, 18 West Wentworth Court, Minneapolis, Minnesota 55419, on behalf of herself and all others similarly situated, Appellees,

and

Equal Employment Opportunity Commission,

and

Marjorie Doss and Kathy Schuster,

v.

JOSTENS, INC., 5501 Norman Center Drive, Minneapolis, Minnesota 55437, Appellant.

Robert Wueste, individually and in his capacity as Vice President of Jostens, Inc., and George Kremer, individually and in his capacity as produce manager for Jostens, Inc.

Diana NAGY, 18 West Wentworth Court, Minneapolis, Minnesota 55419, on behalf of herself and all others similarly situated, Appellants,

and

Equal Employment Opportunity Commission,

and

Marjorie Doss and Kathy Schuster,

v.

JOSTENS, INC., 5501 Norman Center Drive, Minneapolis, Minnesota 55437, Appellee.

Robert Wueste, individually and in his capacity as Vice President of Jostens, Inc., and George Kremer, individually and in his capacity as product manager for Jostens, Inc.

Nos. 85–5237, 85–5266.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1986.

Decided March 31, 1986.

Thomas P. Kane, St. Paul, Minn., for appellant.

Kathleen M. Graham of Minneapolis, Minn., for appellee.

Before HEANEY and FAGG, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Jostens, Inc., (Jostens) appeals from an order of the United States District Court for the District of Minnesota, denying Jostens' motion for injunctive relief.

On December 16, 1977, Diana Nagy filed a class action complaint charging Jostens with sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and 42 U.S.C. § 1985(3). On May 16, 1984, the parties signed a Settlement Agreement which required Jostens to pay $1.2 million in damages and $1 million in attorneys' fees. The parties expressly agreed that Jostens had made no admission of liability. The district court held a fairness hearing, at which no objections to the settlement were made. On September 24, 1984, the district court filed an order approving the Settlement Agreement and dismissing the action. On December 17, 1984, it issued an order declaring that the action had been fully and fairly compromised and settled, and dissolving all orders of the court relating to the action.

Thereafter, Pepin, Dayton, Herman, Graham & Getts, class counsel, donated $200,000 to the Minneapolis Foundation [1] to create a fund to provide resources for enhancing the educational and vocational opportunities of working women. Although class counsel intended the fund to benefit the *Nagy v. Jostens, Inc.*, class members, no class member was to receive direct payments, and non-class members were eligible for benefits. There is no evidence of, nor do the appellants suggest that there were, any pre-settlement discussions or agreements between class members and class counsel regarding this or any other donation that might benefit all or some class members.

On April 25, 1985, Jostens brought a motion before the district court asking the court to order compliance with the terms of the Settlement Agreement. It felt that the $200,000 should be distributed in accordance with the Settlement Agreement formula which was used earlier in the calculation of the class-member settlement amounts. It also requested an award of the expenses and attorneys' fees incurred in bringing the motion. On June 6, 1985, the district court summarily denied injunctive relief. Jostens appeals from this order, raising substantially the same issues. The plaintiffs cross-appeal for costs and attorneys' fees.

We find that there has been neither a breach in the letter or spirit of the settlement agreement, nor any unethical conduct or collusion. Accordingly, we affirm. *See* 8th Cir.R. 12(a). Additionally, because we find that this appeal is frivolous, we award to the appellees attorneys' fees for the appeal in the amount of $2,500. *See* Fed.R.App.P. 38; 8th Cir.R. 17.

---

* The Honorable HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Minneapolis Foundation, a Minnesota nonprofit corporation, is operated for charitable purposes, and currently has a fund balance of approximately $36 million. Affidavit of Marion G. Etzwiler at 1.