Arlene B. SINGER, et al., Appellants,

v.

SHANNON & LUCHS COMPANY, et al.

No. 87-7053.

United States Court of Appeals, District of Columbia Circuit.

March 3, 1989.

---

Before ROBINSON and WILLIAMS, Circuit Judges, and GORDON,* Senior District Judge.

Opinion PER CURIAM.

### ORDER

Upon consideration of appellants' Petition for Rehearing it is

ORDERED, by the court, that the petition is denied, as is more fully set forth in the opinion of the Court filed herein this date.

**PER CURIAM:**

■ Plaintiff-appellants, Arlene B. Singer and Joel D. Joseph, have petitioned for rehearing of our order granting Shannon & Luchs's motion for attorneys' fees. Their objection is that Shannon & Luchs's motion was filed nearly a year after our unpublished judgment in its favor and was therefore in violation of Fed.R.App.P. 39's requirement that a bill of costs thereunder be filed within 14 days of entry of judgment. We write briefly to explain that our order was based upon Fed.R.App.P. 38 and that, under its terms and in the absence of any rule of this court to the contrary, there is no time limit for motions under Rule 38 other than the principles of laches.

Rule 38 states in its entirety:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

Plainly its language imposes no time limit on the filing of a bill of costs. Indeed,

* Of the United States District Court for the Eastern District of Wisconsin, sitting by designation

some courts regard the interest in discouraging frivolous appeals as so compelling that no motion is necessary, and they award Rule 38 costs sua sponte. See, e.g., *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1200–03 (7th Cir.1987).

Other circuit courts have held that while the term "costs" in Rule 39 excludes attorneys' fees, the reference in Rule 38 to "just damages and single or double costs" comprises them. See, e.g., *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 64 (3rd Cir.1986); *District No. 8, Int'l Ass'n of Machinists & Aerospace Workers v. Clearing*, 807 F.2d 618, 623 (7th Cir.1986); *Nagy v. Jostens, Inc.*, 787 F.2d 446, 447 (8th Cir.1986); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.1986); *Triola v. Department of Transportation*, 769 F.2d 760, 762 (Fed.Cir.1985) (citing *Moir v. Department of Treasury*, 754 F.2d 341 (Fed.Cir.1985), a Rule 38 case).

There is a dictum to the contrary in *Montgomery & Associates, Inc. v. CFTC*, 816 F.2d 783, 784 (D.C.Cir.1987), but it provides no basis for rejecting the views of our sister circuits. The case concerned a fees motion under 7 U.S.C. § 18(e) and simply held that the time limit of Rule 39(d) should be applied to a fees motion filed thereunder. The dictum as to Rule 38 was part of a general argument as to the unwisdom of allowing claims for attorneys' fees without fixed time limits (i.e., an argument that laches is an inadequate limit in any circumstance). Its sole authority for the idea that Rule 38 costs do not encompass attorneys' fees was *Seyler v. Seyler*, 678 F.2d 29, 31 (5th Cir.1982). In fact that decision is quite the opposite. In awarding attorneys' fees it rejected the losing party's claim that Rule 39's 14-day time applied. The court explained that Rule 39 did *not* encompass attorneys' fees, but that Rule 38 "provide[d] penalties for [frivolous] appeals," 678 F.2d at 31, and did encompass them. The outcome made clear that the court did not consider Rule 39(d)'s time limitation applicable by osmosis to Rule 38

pursuant to 28 U.S.C. § 294(d).

applications, and did not speak to any other possible limits.

*Montgomery & Associates* cannot be said to establish a general rule of the circuit that it is impermissible to allow fee requests limited (in time of application) only by laches. Such a notion would be inconsistent with prior circuit law. See *Alabama Power Co. v. Gorsuch,* 672 F.2d 1, 5–6 (D.C.Cir.1982) (per curiam) (a motion for attorneys' fees under 42 U.S.C. § 7607(f) (1982), which defines "costs" as including attorneys' fees, is not subject to the 14–day limit of Rule 39(d)); *Environmental Defense Fund v. EPA,* 672 F.2d 42, 61 (D.C.Cir.1982) (because 15 U.S.C. § 2618(d) expressly distinguishes attorneys' fees from costs, equity supplies only time limitation for attorneys' fees).

The allowance of an application under Rule 38 long after the time will have expired for a bill of costs under Rule 39 is justified by the special purpose of the former rule. It seeks to deter and punish frivolous appeals. The social interest in so doing, and the standard of egregiously objectionable conduct that triggers its application, justify imposing fewer technical restrictions.

The appeal in this case was frivolous. Whatever the limit implicit in laches, the delay in this case does not reach it.

We conclude with the following dictum of our own, offered in the hopes of forestalling further litigation: in light of the brevity of our previous order, and the relative length of this opinion, the latest petition for rehearing was not itself frivolous.

REHEARING DENIED.