**SOUTH STAR COMMUNICATIONS, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 91–1010.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 29, 1991.

C. Grey Pash, Jr., Counsel, F.C.C., with whom Daniel M. Armstrong, Associate Gen. Counsel, and Robert L. Pettit, Gen. Counsel, F.C.C., Washington, D.C., were on the Statement of the F.C.C. Regarding Award of Costs and Attorneys' Fees.

Samuel Cooper, III, Harrisburg, Pa., was on the Reply of South Star Communications, Inc.

Before RUTH BADER GINSBURG, WILLIAMS, and RANDOLPH, Circuit Judges.

## ORDER

Upon the *sua sponte* motion of this court, and upon consideration of the Statement of the FCC Regarding Award of Costs and Attorneys' Fees and South Star Communications, Inc.'s Reply thereto, it is

ORDERED, by the court, that Mr. Samuel Cooper III pay sanctions in the amount of $1,000 directly to the Federal Communications Commission. Payment to be made within 30 days of the entry of this judgment.

Opinion for the court filed PER CURIAM.

PER CURIAM:

Judgment on the merits of this case was entered October 10, 1991. Our unpublished order of that date affirmed the Federal Communications Commission's decision dismissing South Star's application. 946 F.2d 127. We noted the frivolity of the appeal and invited the Commission to express its views on the propriety and amount of sanctions. Having received those views, and South Star's objections, we hereby award sanctions against Samuel Cooper, III, South Star's counsel, in the amount of $1,000, which is roughly one-fifth of the amount the FCC estimates it expended on this appeal.

■ As an initial matter, we note that the parties seem confused about the difference between *costs* and *sanctions*. The FCC in its response to our previous order noted that 47 U.S.C. § 402(i) prevented the court from awarding "costs" in favor of the Commission, and wondered whether that statute, in conjunction with Rule 39, Fed.R.App.P., barred us from awarding sanctions in its favor.[1] The answer is no. Rule 39(b) imposes limits on the award of

---

1. South Star's Reply parrots that question, and cites (as did the FCC's pleading) *Baez v. United States Dep't of Justice,* 684 F.2d 999, 1005–07

(D.C.Cir.1982); and *James v. Quinlan,* 886 F.2d 37, 39–40 (3d Cir.1989).

costs for or against the government[2]; Rule 38 imposes no such limitations.[3] This reflects the differing bases of the two rules, previously discussed in *Singer v. Shannon & Luchs Co.*, 868 F.2d 1306 (D.C.Cir.1989). *Singer* held that Rule 38's "special purpose" justified not applying to motions for attorney's fees under Rule 38 the time limit for filing a bill of costs found in Rule 39. 868 F.2d at 1308. The same considerations lead us not to conflate the two rules here.[4]

Rule 39 is analogous to "what might be termed *substantive* fee shifting," *Chambers v. NASCO, Inc.*, — U.S. —, 111 S.Ct. 2123, 2140, 115 L.Ed.2d 27 (1991) (Scalia, J., concurring). Rule 38 mentions "costs" simply as a convenient yardstick for measuring the "sanction for procedural abuse." 111 S.Ct. at 2140; *see also id.* at 2133 (majority op.). Thus the fact that the FCC would be ineligible for an award of *costs* in its favor does not bar this court from imposing, pursuant to Rule 38, "just damages" "as a penalty against" Mr. Cooper. *See* Fed.R.App.P. 38 & advisory committee's note thereto. The cases cited by the parties are therefore inapposite. *Baez* involved costs, not sanctions. *Quinlan* involved costs against *in forma pauperis* appellants.

This court therefore has the authority to impose a sanction, and the merits (or lack thereof) of the appeal warrant one. South Star objects that its appeal presented a novel question to this court. We think not. Our Order states that "South Star had furnished no assurance that ... any [transmitter] site[ ] would be available to it;" we surely did not answer a question of first impression in holding that one needs assurance of a transmitter site to compete for a license. (Additionally, South Star's Reply

misrepresents the record in stating that South Star only admitted its lack of a transmitter site orally. It did so in writing. Motion for Leave to File Documents Late, at 2 (Apr. 11, 1990).)

The second ground for the FCC's decision, also upheld in our Order, was that "South Star had unjustifiably failed to prosecute its application in a diligent and timely manner, as shown by its repeated late, incorrect, incomplete, or inadequate filings." Order of Oct. 10, 1991. South Star would have us believe that an appeal from such a dismissal is never sanctionable, since such a finding is "subjective." Reply at 3. If by "subjective" counsel is trying to say "discretionary," his point cuts against him: it is tougher to win on appeal when review is on an abuse of discretion standard, and the lawyer should take that into account before deciding to file.

■ As we stated at the outset, sanctions are assessed solely against counsel, not South Star. We have taken this step after considering Mr. Cooper's argument that he should not bear the entire brunt of the award. He states that his contract with his client "obliged" him to appeal. (He has not provided a copy.) Reply at 5. But his agreement, which strikes us as against public policy if it is as he describes it, did not make his presentation any less frivolous and it did not relieve him of his responsibility as a member of the bar. Moreover, after reciting the contract, Mr. Cooper adds that *he* determined there was "vitality" in his client's case and "so appealed." In making that determination he exercised conspicuously bad judgment.

Accordingly, it is ordered that Samuel Cooper, III pay sanctions in the amount of $1,000 to the Federal Communications

---

**2.** In cases involving the United States or an agency or officer thereof, if an award of costs against the United States is authorized by law, costs shall be awarded in accordance with the provisions of subdivision (a); otherwise, costs shall not be awarded for or against the United States.
Fed.R.App.P. 39(b).

**3.** If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

Fed.R.App.P. 38.

**4.** Just as the plain language of Rule 38 imposes no time limit on filing a bill of costs (as opposed to the terms of Rule 39), *see Singer*, 868 F.2d at 1307, neither does the language of Rule 38 preclude under any circumstances the award of sanctions in favor of a federal agency.

Commission within 30 days of the entry of this judgment.

*It is so ordered.*