Randall Lee PHILLIPS and Deborah Jane Phillips, parents and next friends of Randall Lee Phillips, II, Petitioners–Appellants,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.

No. 92–5099.

United States Court of Appeals, Federal Circuit.

Feb. 26, 1993.

Robert T. Moxley, Gage & Moxley, Cheyenne, WY, argued for petitioners-appel-lants. With him on the brief was Richard Gage.

Mary Hampton Mason, Atty., Torts Branch, Dept. of Justice, Washington, DC, argued for respondent-appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., Helene M. Goldberg and John Lodge Euler, Attys.

Before NEWMAN, MAYER, and PLAGER, Circuit Judges.

PER CURIAM.

## BACKGROUND

This is a vaccine compensation case. Pursuant to the provisions of the National Childhood Vaccine Injury Act (Vaccine Act), 42 U.S.C.A. § 300aa–1 to 300aa–34 (West 1991), Randall Lee Phillips I (the father) and Deborah Jane Phillips (the grandmother) petitioned for compensation for injuries sustained by the infant, Randall Lee II. Petitioners alleged that Randall Lee II suffers from encephalopathy and seizure disorder as a result of Randall Lee II's receipt of the DPT vaccination.[1] On January 29, 1992, the special master issued an opinion denying compensation for these injuries. The Court of Federal Claims[2] affirmed the special master's decision on April 3, 1992, holding that the special master properly had considered the relevant record evidence, had drawn plausible inferences, and had set forth a rational basis for his decision. We affirm.

## DISCUSSION

The procedure under the Vaccine Compensation Act for a petitioner to obtain a decision regarding entitlement to compensation, and for review of that decision, is straightforward. A petitioner who claims compensation under the Act presents his or her case to the special master. The special master serves as the trial forum, takes the evidence, considers the arguments of the

---

1. DPT, also known as DTP, stands for the "diphtheria, pertussis, tetanus" vaccination. Randall Lee II received a series of three inoculations, on February 25, 1981, April 5, 1981, and June 5, 1981.

2. Formerly the United States Claims Court. Pub.L. No. 102–572, § 902(b), 106 Stat. 4506 (1992).

petitioner and the Government, and decides whether the evidence establishes that a compensable injury occurred. 42 U.S.C. § 300aa–12(d)(3). That decision is reviewable by petition to the Court of Federal Claims. 42 U.S.C. § 300aa–12(e). The assigned judge of that court reviews the decision of the special master, utilizing the standard of review specified in the Act, a standard highly deferential to the fact determinations of the special master. 42 U.S.C. § 300aa–12(e)(2).

The statute allows a further appeal to this court. 42 U.S.C. § 300aa–12(f). As we explained at length in *Munn v. Secretary of the Dep't of Health and Human Serv.*, 970 F.2d 863 (Fed.Cir.1992), we do not then simply redo what has already been done.[3] We do not retry the case, as has already been done by the special master; we do not re-review the special master's decision, as has already been done by the judge of the Court of Federal Claims. The statute mandates that we review the judgment of the Court of Federal Claims in the case. And as we explained in *Munn*, in a case in which the Court of Federal Claims affirms the special master that means we determine, again under a highly deferential standard with regard to fact issues, whether the Court of Federal Claims erred in its affirmance of the special master's decision.

The only evidence to connect the administration of the DPT with Randall II's encephalopathy was the after-the-fact testimony of the father and grandmother regarding the infant's behavior at the time. The special master's judgment turned on his determination that the testimony of the father and the grandmother was not credible. The special master observed the witnesses, evaluated their demeanor and consistency, and compared the testimony to the record evidence (or lack thereof). He then made the judgment call which he is obligated to make under the Act, and concluded that petitioners had not proven their case.

On petition for review as provided by the Act, that evidentiary call was confirmed by the Court of Federal Claims in accordance with the standard of review mandated by the Vaccine Act—that the special master's findings of fact and conclusions of law were not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa–12(e)(2)(B). As noted, the special master's judgment turned on his determination that the testimony of the father and the grandmother was not credible; the Court of Federal Claims properly considered such credibility determinations "virtually unreviewable." Applying the deferential standard enunciated in *Munn* to the judgment of the Court of Federal Claims, we find no error in that judgment.[4]

The judgment of the Court of Federal Claims is affirmed.

AFFIRMED.

PLAGER, Circuit Judge, concurring.

The judgment of the Court of Federal Claims was explained by that court in a succinct but careful opinion demonstrating the thoroughness of the court's review, and setting forth the bases on which the affirming judgment was made. Petitioner has shown us nothing to suggest that the Court of Federal Claims fell short of the standard enunciated in *Munn v. Secretary of the Dep't of Health and Human Serv.*, 970 F.2d 863 (Fed.Cir.1992). Given the statutory allocation of decision-making authority in these cases, it is a waste of time and resources to attempt to have this court

---

**3.** Petitioners' opening brief did not cite *Munn*, nor did it discuss this court's standard of review for factual issues and credibility determinations. In response to the respondent's thorough treatment of this issue (and extensive discussion of *Munn* ), petitioners' reply brief asserted that, contrary to our clear precedent, "the review should be thorough and searching," *reply brief at 6,* and that "the standard for finding that such testimony is not credible is a *legal* standard." *Reply brief at 10* (emphasis added). These as-

sertions are contrary to any plausible reading of *Munn.*

**4.** Petitioners directed our attention to several alleged examples of legal error, including the argument that the special master's failure to properly weigh the evidence constitutes legal error. There is no merit in that argument, or in any of the other alleged errors.

overturn the judgment of the Court of Federal Claims in a case such as this in which the only issue turns on fact-finding and credibility determinations. In short, there is no excuse for an attorney who brings a vaccine case to this court for a second level of appeal not to know and fully consider the standard of review enunciated in *Munn.*[1]

This case turns on the fact-specific findings and credibility determinations made by the special master. Attorneys' fees and costs associated with such appeals waste financial resources, whether paid by the family of the afflicted infants or by the Government out of the limited funds set aside for vaccine injury victims. 42 U.S.C. § 300aa–15(e). In addition, such appeals waste scarce judicial resources. And this court cannot be indifferent to the impact on a family of extending false hopes in a legally hopeless appeal.

The Vaccine Act provides that unsuccessful petitioners may recover "reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa–15(e). The practice has been for petitioners, following an appeal, to apply to the special master for fees including those attributable to the appeal. However, the appropriateness of an award of fees related to the initial proceedings before the special master is an issue quite separate from the appropriateness of fees attributable to an appeal to this court.

That the special masters recognize this has recently been highlighted in an opinion which discussed some of the considerations in awarding attorneys' fees, and, while awarding attorneys' fees for the appeal in that case, added the following cautionary note: "In general, counsel who choose to pursue basically hopeless appeals of Program decisions, especially those turning on

credibility determinations, should not be surprised to find that the Program will not compensate their time spent upon such appeals." *Johnson v. Secretary of the Dep't of Health and Human Serv.*, No. 90–645V, 1992 WL 247565, at *2, 1992 U.S. Cl.Ct. LEXIS 449, at * 6 (September 14, 1992) (Hastings, Special Master). Counsel should consider their clients' cases carefully before pursuing an appeal to this court.

---

1. As noted *supra* at note 3 of the court's opinion, petitioners' opening brief did not cite *Munn,* nor did it discuss this court's standard of review for factual issues and credibility determinations.

Sanctions may be imposed for such disregard of precedent. *E.g., Klein v. Department of Transp., FAA,* 768 F.2d 336, 338 (Fed.Cir.1985).