**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAMILY PAC,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>ROBERT FERGUSON, in his official capacity as Attorney General of Washington; AMIT RANADE, member of the Public Disclosure Commission, in his official capacity; GRANT DEGGINGER, member of the Public Disclosure Commission, in his official capacity; KATHY TURNER, member of the Public Disclosure Commission, in her official capacity; JENNIFER JOLY, member of the Public Disclosure Commission, in her official capacity; BARRY SEHLIN, member of the Public Disclosure Commission, in his official capacity,<br>*Defendants-Appellants*. | No. 12-35640<br><br>D.C. No.<br>3:09-cv-05662-RBL<br><br><br>OPINION |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
February 6, 2014—Seattle, Washington

Filed March 19, 2014

Before:  Raymond C. Fisher, Ronald M. Gould
and Morgan Christen, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Civil Rights / Attorneys' Fees

The panel affirmed in part and reversed in part the district court's order awarding attorneys' fees and costs to plaintiff Family PAC, a continuing political committee organized under Washington law that had prevailed, in part, in a previous lawsuit alleging that provisions of Washington state election law violated the First Amendment as applied to ballot measure committees.

The panel held that the term "costs" under Rule 39 of the Federal Rules of Appellate Procedure did not include attorneys' fees recoverable as part of costs under 42 U.S.C. § 1988 and similar statutes.  The panel determined that the district court therefore properly concluded that the statement in the previous opinion that "[e]ach party shall bear its own costs of appeal," *Family PAC v. McKenna*, 685 F.3d 800, 814

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

(9th Cir. 2011), did not preclude Family PAC, as prevailing party, from obtaining an award of appellate attorneys' fees under § 1988.

**COUNSEL**

Robert W. Ferguson, Attorney General, Linda A. Dalton (argued), Senior Assistant Attorney General, Nancy J. Krier, Special Assistant Attorney General, Callie A. Castillo, Assistant Attorney General, Olympia, Washington, for Defendants-Appellants.

Noel H. Johnson (argued) and Kaylan L. Phillips, ActRight Legal Foundation, Plainfield, Indiana; Justin D. Bristol, Gourley Bristol Hembree, Snohomish, Washington, for Plaintiff-Appellee.

William R. Maurer (argued), William H. Mellor and Paul V. Avelar, Institute for Justice, Bellevue, Washington, for Amicus Curiae Institute for Justice.

David E. Roland, Freedom Foundation, Olympia, Washington, for Amicus Curiae Freedom Foundation.

Allen Dickerson, Center for Competitive Politics, Alexandria, Virginia, for Amicus Curiae Center for Competitive Politics.

Sarah A. Dunne and Nancy L. Talner, American Civil Liberties Union of Washington Foundation, Seattle, Washington, for Amicus Curiae American Civil Liberties Union of Washington Foundation.

## OPINION

FISHER, Circuit Judge:

Addressing an issue of first impression in this circuit, we hold that the term "costs" under Rule 39 of the Federal Rules of Appellate Procedure does not include attorney's fees recoverable as part of costs under 42 U.S.C. § 1988 and similar statutes. The district court therefore properly concluded that the statement in our previous opinion that "[e]ach party shall bear its own costs of appeal," *Family PAC v. McKenna*, 685 F.3d 800, 814 (9th Cir. 2011), did not preclude Family PAC, as prevailing party, from obtaining an award of appellate attorney's fees under § 1988.

## BACKGROUND

Family PAC is a continuing political committee organized under Washington law. *See id.* at 803. In its 2009 federal lawsuit, Family PAC alleged that three provisions of Washington election law violated the First Amendment as applied to ballot measure committees: a provision requiring a political committee to report the name and address of each person contributing more than $25 to the committee, a provision requiring a political committee to report the occupation and employer of each person contributing more than $100 to the committee and a provision barring a political committee from accepting from any one person contributions exceeding $5,000 within 21 days of a general election. *See id.* The defendants are the Washington State Attorney General and the members of the Washington State Public Disclosure Commission, which administers and enforces the challenged provisions. *See id.* at 804. Family PAC moved for summary judgment, which the district court granted in

part and denied in part. *See id.* at 804–05. The court held that the $25 and $100 disclosure requirements survived exacting scrutiny but struck down the 21-day contribution limit as a violation of the First Amendment. *See id.*

After both sides appealed, we affirmed on all issues. We agreed with the district court that the $25 and $100 disclosure requirements survived exacting scrutiny, but held that the 21-day contribution limit was unconstitutional. *See id.* at 805–14. Given that each side had been partly successful on appeal, our opinion stated that "[e]ach party shall bear its own costs of appeal." *Id.* at 814; *see* Fed. R. App. P. 39(a).

Shortly thereafter, Family PAC asked us to transfer consideration of attorney's fees on appeal to the district court. *See* 9th Cir. R. 39-1.8. The defendants (collectively, "the state") opposed the motion, arguing that we had already precluded an award of attorney's fees by stating that each party would bear its own costs. In a January 2012 order, we granted Family PAC's motion to transfer consideration of attorney's fees on appeal to the district court. We "express[ed] no opinion as to whether an award of fees to any party is warranted" but expressly noted that "[o]ur instruction that each party shall bear its own costs on appeal did not address whether any party is entitled to attorney's fees under 42 U.S.C. § 1988."

On remand, Family PAC moved for an award of $148,987.62 in attorney's fees and expenses, including fees and costs on appeal, under 42 U.S.C. § 1988. Family PAC excluded from its request attorney's fees incurred solely on its unsuccessful claim challenging the $25 and $100 disclosure requirements. The state opposed the motion, arguing once again that appellate attorney's fees were not

available because this court already had ordered the parties to bear their own costs.

With minor adjustments, the district court granted Family PAC's motion for fees. The court specifically rejected the state's argument that our allocation of costs under Federal Rule of Appellate Procedure 39 barred Family PAC from recovering appellate attorney's fees. Although the court recognized that this was an issue of first impression in this circuit, it noted that the Third, Fifth, Seventh and Eleventh Circuits had all rejected the proposition that "costs" under Rule 39 includes attorney's fees under § 1988. After addressing the state's remaining arguments, the court awarded fees and expenses of $146,073.12. The state timely appealed.

## DISCUSSION

Federal Rule of Appellate Procedure 39 governs the taxation of costs on appeal. The rule does not define the term "costs," but Rule 39(e) specifically enumerates the costs on appeal that may be taxed in the district court, and the advisory committee's note cites 28 U.S.C. § 1920 as the statutory authority for the rule. Section 1920, in turn, contains a specific definition of costs. The Civil Rights Attorney's Fees Awards Act of 1976, meanwhile, is one of a number of federal fee shifting statutes that allow a prevailing party to recover "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).[1] The question presented here is how

---

[1] Section 1988(b) states:

> In any action or proceeding to enforce a provision
> of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of

these two provisions – Rule 39 and § 1988 – interact. Relying on *Marek v. Chesny*, 473 U.S. 1 (1985), and *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007), the state argues that, because Rule 39 does not define costs, the term must be understood as encompassing all "costs" defined by federal law, including appellate attorney's fees recoverable as part of costs under § 1988 and similar statutes. The state contends that, because appellate fees under § 1988 are "costs" under Rule 39, this court's previous direction that "[e]ach party shall bear its own costs of appeal" precludes Family PAC from recovering appellate attorney's fees. We disagree.

The Supreme Court first considered the relationship between § 1988 and another statute allowing for the recovery of "costs" in *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), *superseded by statute as stated in G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990). *Roadway Express* involved a former version of 28 U.S.C. § 1927, a statute providing that lawyers who multiply court proceedings vexatiously may be assessed the excess "costs"

---

this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee *as part of the costs*, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b) (emphasis added).

they create. *See id.* at 757.**[2]**  Although § 1927 did not define "costs," the Court concluded that it excluded attorney's fees. The Court reasoned, first, that when Congress enacted the original version of § 1927 in 1813, the United States adhered more closely than it does today to the American Rule, under which "attorney's fees ordinarily are not among the costs that a winning party may recover." *Id.* at 759.  The Court "assume[d] that Congress followed that rule when it approved the 1813 Act." *Id.*  Second, the Court noted that Congress had "approved a comprehensive measure setting the fees and costs for all federal actions" in 1853.  *See id.*  This measure enacted the predecessors of both § 1927 and 28 U.S.C. § 1920, and § 1920 includes its own express definition of costs.  In light of this history, the Court reasoned that "§ 1920 and § 1927 should be read together as part of the integrated statute approved in § 1853," and, hence, § 1927 should be understood as incorporating § 1920's specific definition of costs. *Id.* at 760.  As this definition did not include attorney's fees recoverable as part of costs, the Court concluded that the term "costs" under § 1927 also excluded such fees.

The Supreme Court returned to the interplay between § 1988 and another statute allowing the recovery of costs in *Marek v. Chesny*, 473 U.S. 1 (1985). *Marek* involved Federal

---

**[2]** At the time, § 1927 stated:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs.

*Roadway Express*, 447 U.S. at 756 n.3.

Rule of Civil Procedure 68. Rule 68 shifts to the offeree the "costs" incurred subsequent to an offer of judgment if the judgment finally obtained is not more favorable than the offer.[3] Like former § 1927, at issue in *Roadway Express*, Rule 68 did not define the term "costs." In contrast to *Roadway Express*, however, the Court concluded that "costs" under Rule 68 includes attorney's fees recoverable as part of costs. The Court observed that by the time Rule 68 was adopted in the late 1930s, a number of federal statutes provided for an award of attorney's fees as part of costs. *See id.* at 7–8. Because "[t]he authors of Federal Rule of Civil Procedure 68 were fully aware of these exceptions to the American Rule," the "most reasonable inference" was that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 8–9. The court concluded that, "absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." *Id.* at 9. The Court distinguished *Roadway Express*, stating:

> We held in *Roadway Express* that § 1927 came with its own statutory definition of costs, and that this definition did not include attorney's fees. The critical distinction here is that Rule 68 does not come with a definition

---

[3] Under Rule 68, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

of costs; rather, it incorporates the definition
of costs that otherwise applies to the case.

*Id.* at 9 n.2.

We applied these Supreme Court precedents in *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). The issue there was whether the term "costs" in Federal Rule of Appellate Procedure 7, which permits a district court to require an appellant to file a bond to ensure payment of "costs" on appeal, includes attorney's fees recoverable as part of costs.[4] Like former § 1927 and Rule 68, Rule 7 does not define costs. Following *Marek*, we observed that, at the time of Rule 7's adoption in 1968, "a number of federal statutes . . . had departed from the American rule by defining 'costs' to include attorney's fees." *Id.* at 958. "Because against this background of varying definitions of costs, Rule 7's drafters did not define the term," we concluded that the drafters "likely intended it to refer to all costs properly awardable at the conclusion of the appeal, including attorney's fees authorized by relevant statutory authority." *Id.* (alterations and internal quotation marks omitted). We therefore held that "costs" under Rule 7 include attorney's fees recoverable as part of costs.

*Roadway Express*, *Marek* and *Azizian* guide our analysis here, but none of those decisions is squarely on point. Rather, Rule 39 falls between *Roadway Express* on the one hand and *Marek* and *Azizian* on the other.

---

[4] Rule 7 states: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule." Fed. R. App. P. 7.

In one respect, this case is analogous to *Marek* and *Azizian*. When Rule 39 was adopted in the late 1960s, a number of federal statutes provided for an award of attorney's fees as part of costs. Because the authors of Rule 39 undoubtedly were aware of these exceptions to the American Rule, we could reasonably infer that they intended the term "costs" in Rule 39 to refer to all costs properly awardable under federal law, including attorney's fees recoverable as part of costs. *See Marek*, 473 U.S. at 8–9; *Azizian*, 499 F.3d at 958.

In another respect, however, *Roadway Express* supplies the stronger analogy. There is an essential difference between Rules 7 and 68, which are *silent* as to the types of costs contemplated, and Rule 39, which is not. Unlike Rules 7 and 68, the language and context of Rule 39 offer insight into the meaning of the term "costs" under the rule. First, Rule 39(e) specifically enumerates the costs on appeal that may be awarded in the district court:

> The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e). These are all administrative costs, not attorney's fees. Second, although Rule 39 – like former § 1927 – does not include a definition of costs *in its text*, the advisory committee's note accompanying the adoption of Rule 39 makes plain that the rule is premised on § 1920. *See* Fed. R. App. P. 39 advisory committee's note ("Statutory authorization for taxation of costs is found in 28 U.S.C. § 1920."). Like Rule 39(e), § 1920 enumerates a set of uniformly administrative costs, not including attorney's fees:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries,

fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.[5]   Taken together, Rule 39(e) and the drafter's invocation of § 1920 lead us to conclude that the drafters intended "costs" under Rule 39 to refer narrowly to administrative costs, not to attorney's fees.

This interpretation finds support in several other ways. First, it is consistent with the weight of authority from other circuits.   Although one circuit has held that "costs" under Rule 39 include attorney's fees recoverable as part of costs, *see Montgomery & Assocs., Inc. v. Commodity Futures Trading Comm'n*, 816 F.2d 783, 784–85 (D.C. Cir. 1987), five other circuits have rejected that proposition, *see Pedraza v. United Guarantee Corp.*, 313 F.3d 1323, 1330 n.12 (11th Cir. 2002) (citing *McDonald*, *infra*, for the "undoubtedly" correct and "uncontroversial conclusion that attorneys' fees are not included among the 'costs' contemplated by Rule 39"); *McDonald v. McCarthy*, 966 F.2d 112, 118 (3d Cir. 1992) ("[W]e conclude that an order from this court pursuant to Rule 39 that each party bear its own costs does not foreclose the 'prevailing party' from recovering attorneys' fees under section 1988."); *Chem. Mfrs. Ass'n v. EPA*,

---

[5] The current version of § 1920 differs only slightly from the version in effect at the time of *Roadway Express*.  *See* Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 6, 122 Stat. 4291 (2008) (adopting minor amendments to § 1920).

885 F.2d 1276, 1278 (5th Cir. 1989) (holding that Rule 39 covers the "more routine allocations of costs," not recovery of attorney's fees); *Kelley v. Metro. Cnty. Bd. of Educ.*, 773 F.2d 677, 681 (5th Cir. 1985) (en banc) (holding that "an award of costs pursuant to Fed. R. App. P. 39(a) is separate and distinct from and totally unrelated to an award of attorney's fees pursuant to the directions of § 1988" (footnote omitted)), *disapproved of on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 718 n.4 (1987); *Robinson v. Kimbrough*, 652 F.2d 458, 463 (5th Cir. 1981) (holding that an order to pay costs "cannot be construed as a judicial directive pertaining to attorneys' fees" under § 1988 and noting that Rule 39 "refers only to the usual costs of appeal," not to attorney's fees); *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir. 1980) (holding that, although § 1988 states that attorney's fees may be awarded as part of costs, "the award of attorneys' fees under § 1988 is a decision distinct from the decision on the merits and from the normal taxing of costs"); *Farmington Dowel Prods. Co. v. Forster Mfg. Co.*, 421 F.2d 61, 91 (1st Cir. 1969) ("We have already disposed of the 'cost of suit' contention by our prior order that 'no costs' are to be awarded for these cross appeals. However, we did not intend by that order to preclude a motion for plaintiff's reasonable attorney's fee under section 4 [of the Clayton Act, 15 U.S.C. § 15,] arising from these cross appeals."). Several of these decisions postdate *Marek*, and these courts have distinguished *Marek* on the ground that, whereas Rule 68 is silent as to the type of costs it covers, Rule 39 is not. As the Fifth Circuit explained en banc in *Kelley*:

> In determining that the cost-shifting provision of Rule 68 encompasses an award of attorneys fees under § 1988, the *Marek Court*, in

footnote 2, distinguished its prior opinion in *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980).  The Court observed that, unlike Rule 68, the cost provision at issue in *Roadway* (28 U.S.C. §§ 1920 and 1927) specifically enumerated the type of costs awardable as sanctions under certain circumstances, thus making it inappropriate for the Court to interpret "costs" as including § 1988 attorney's fees.  In other words, the *Marek* Court recognized a critical distinction between interpretation of "costs" where the relevant statute sets forth its own definition of the term, as opposed to situations where "costs" are undefined.  As appellate Rule 39 specifically delineates the "costs" to which it applies, i.e. the "traditional" costs of printing briefs, appendices, records, etc., the pronouncements of *Marek* render it inappropriate for this court to judicially-amend Rule 39's cost provisions to include § 1988 attorney's fees.

*Kelley*, 773 F.2d at 681 n.5.  The Third Circuit employed similar reasoning:

> The *Marek* Court's distinction regarding *Roadway Express* is particularly important in this case because Rule 39, like section 1927 which was at issue in *Roadway Express*, is not silent as to the definition of "costs."  Rule 39 defines costs as including normal administrative costs such as those incurred in

> preparing the record, filing fees, and the cost
> of the reporter's transcript.

*McDonald*, 966 F.2d at 116. The rule proposed by the state is against this great weight of authority.

Second, that "costs" under Rule 39 do not include attorney's fees is consistent with our own analysis in *Azizian*. Although we held that attorney's fees may be considered part of costs under Appellate Rule 7, we assumed that attorney's fees were *not* costs under Rule 39, noting that there was "no indication" that Rule 7 and Rule 39 shared a common definition of costs, and citing *Singer v. Shannon & Luchs Co.*, 868 F.2d 1306, 1307 (D.C. Cir. 1989) (per curiam), for the proposition that "the term 'costs' in Rule 39 *excludes* attorneys' fees." *Azizian*, 499 F.3d at 958–59 (emphasis added). In short, the conclusion that "costs" under Rule 39 do not include attorney's fees is consistent not only with the weight of authority from other circuits but also with our own understanding of Rule 39 in *Azizian*.[6]

Third, the reading the state proposes would undermine the purposes of § 1988. Under longstanding circuit practice, we will sometimes direct the parties to pay their own costs when, as here, there is a mixed judgment. *See Exxon Valdez v. Exxon Mobil Corp.*, 568 F.3d 1077, 1081 (9th Cir. 2009) (noting that "our usual practice when each side wins

---

[6] That, in fact, has been our view for more than 30 years. *See N. Plains Res. Council v. EPA*, 670 F.2d 847, 848 n.1 (9th Cir. 1982) ("The costs of litigation covered by [the Clean Air Act, 42 U.S.C. § 307(f),] are not the same costs this court is authorized to award under Fed. R. App. Pro. 39. Therefore, Rule 39's 14-day time limit for filing costs bills does not apply to motions for attorney's fees filed pursuant to § 307(f)."), *vacated on other grounds*, 464 U.S. 806 (1983).

something and loses something" is to "exercise our discretion by requiring each party to bear its own costs"). This is in keeping with the general policy embodied by Rule 39 linking the taxation of costs with the results of the appeal. *See* Fed. R. App. P. 39(a). In the case of the same mixed result, however, the partially prevailing plaintiff may well be entitled to an award of attorney's fees under § 1988, because "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on *any significant issue* in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added) (internal quotation marks omitted).[7]

---

[7] As former Chief Judge Gonzalez explained in *Thalheimer v. City of San Diego*, No. 09CV2862-IEG(BGS), 2012 WL 1463635, at *3 (S.D. Cal. Apr. 26, 2012):

> Fed. R. App. P. 39 defines costs as the traditional administrative-type costs, such as preparation and transmission of the record, reporter's transcript, premiums paid for an appeals bond, and filing fee. Those costs are initially determined by the clerk, not the court, to be included in the mandate. Fed. R. App. P. 39(d). Furthermore, the court applies a different standard to determine whether a party is entitled to attorney's fees as a prevailing party under 42 U.S.C. § 1988, or costs under Fed. R. App. P. 39. For purposes of § 1988, a "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. By contrast, an award of costs under Fed. R. App. P. 39 turns on whether there is a clear winner in the appeal. *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1081 (9th Cir. 2009). The usual practice, when each side wins something and

Fourth, the state ignores the timing of the determinations we make under Rule 39 and § 1988. Under our General Orders, we typically address the taxation of costs when we file a disposition resolving an appeal on the merits. *See* 9th Cir. Gen. Order 4.5(e) ("Every disposition in a civil case where there is a mixed judgment, the lower tribunal's judgment is vacated, or where the panel determines that costs shall be unequally divided among the losing parties shall indicate in its text or in a separate order which party or parties shall bear the costs."). Attorney's fees, by contrast, are addressed by motions that are filed and decided later. *See* 9th Cir. R. 39-1.6(a) (providing that "a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed"). When ruling on costs at the time of a disposition, we do not preclude or deny a motion for attorney's fees that has not yet been presented to us.

In sum, we conclude that this case is closer to *Roadway Express* than to *Marek*. In light of those decisions, the decisions of other circuits, our understanding of Rule 39 in *Azizian* and the practical problems posed by the state's proposed rule, we hold that the term "costs" under Federal Rule of Appellate Procedure 39 does not include attorney's

---

loses something, is to require each party to bear its own costs on appeal under Fed. R. App. P. 39. *Id.*

*See also Chem. Mfrs. Ass'n*, 885 F.2d at 1278 ("differentiating the nature and practice of fee awards" from the allocation of costs under Rule 39); *Terket*, 623 F.2d at 33 (explaining that the award of attorney's fees under § 1988 "involves an exercise of . . . judgment requiring an examination of factors beyond the issues decided with the merits of the suit and also different from the largely ministerial task of taxing the traditional items of costs").

fees recoverable as part of costs under 42 U.S.C. § 1988 and similar statutes.    The district court properly awarded attorney's fees to Family PAC for the previous appeal.

## CONCLUSION

For the reasons stated here and in a contemporaneously filed memorandum disposition, the order of the district court awarding attorney's fees and costs to Family PAC is affirmed in part and reversed in part.  Costs of this appeal are awarded to Family PAC.

**AFFIRMED IN PART; REVERSED IN PART.**