11-2947-cv (L)
Hines v. City of Albany

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand thirteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

Constance Hines, Marshay Hines,

> *Plaintiffs – Appellees*,

v.                                                                          No. 11-2947-cv (L);
                                                                                    12-1126 (con)

Albany Police Department, John Monte, Albany Police Officer, Alfred Martin, Albany Police Officer, Brian Plante, Albany Police Officer, Robert Mulligan, Albany Police Officer, Robert Shunck, Albany Police Officer, Steven Krokoff, Albany Assistant Chief of Police, Jeffrey Hyde, Tim Haggerty, Albany Police Officer,

> *Defendants*,

City of Albany, James W. Tuffey, Albany Chief of Police, Brian Quinn, Albany Police Officer, Jeff Roberts, Michael Haggerty, Albany Police Officer,

> *Defendants – Appellants*.

_____

FOR APPELLANTS:            John W. Liguori, Rehfuss, Liguori & Associates, P.C.,
                           Latham, New York.

FOR APPELLEES:             Thomas Marcelle, Slingerlands, New York, Philip G. Steck
                           and Kimberly G. Finnigan, Cooper Erving & Savage LLP,
                           Albany, New York.

_____

Appeal from a judgment of the United States District Court for the Northern District of New York (McCurn, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendants City of Albany, Albany Chief of Police James W. Tuffey, and Albany Police Officers Brian Quinn, Jeff Roberts, and Michael Haggerty (collectively "Defendants") appeal from a judgment of the district court entered on cross-motions for summary judgment granting in part and denying in part each motion but effectively concluding that, on the claim that Defendants had unlawfully seized and retained Constance Hines' vehicle, summary judgment in favor of Plaintiffs Constance Hines and Marshay Hines (collectively "Plaintiffs") was warranted. On appeal, Defendants contend that summary judgment in Plaintiffs' favor was not warranted on this claim that Defendants unlawfully seized and retained the vehicle and that Defendants were otherwise entitled to qualified immunity. Defendants also contend that the City of Albany is not liable under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision to affirm judgment in Plaintiffs' favor.

In the *Krimstock* line of cases that this Circuit decided in 2002, 2004, and 2006, we clearly established the procedural safeguards that are constitutionally required when the

government seizes a personal vehicle. *See Krimstock v. Kelly*, 464 F.3d 246 (2d Cir. 2006) ("*Krimstock III*"); *Jones v. Kelly*, 378 F.3d 198 (2d Cir. 2004) ("*Krimstock II*"); *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002) ("*Krimtock I*"). By the time that Defendants seized and impounded Constance Hines' vehicle in 2006, we had already outlined the procedure required when vehicles are seized for forfeiture purposes. In part because of the government's direct pecuniary interest in seizing vehicles for forfeiture, we insisted that the probable cause determination by the officer effecting the warrantless seizure must be supplemented by additional process: "the Due Process Clause requires that claimants be given an early opportunity to test the probable validity of further deprivation, including probable cause for the initial seizure, and to ask whether other measures, short of continued impoundment, would satisfy the legitimate interests of the [government] in protecting vehicles from sale or destruction *pendent lite*." *Krimstock I*, 306 F.3d at 68.

Although Defendants acknowledge that they did not afford Constance Hines such process, they resist the application of the rule of *Krimstock I*. Defendants insist that the vehicle was not seized for forfeiture purposes; but rather it was seized as evidence for use in the criminal prosecution of Prince Hines. We did not elaborate on the procedures required for vehicles seized as evidence until *Krimstock III*, after Constance Hines' vehicle was seized (though well before Defendants released the car back into her custody). But there is nothing in the record to suggest that the vehicle was or contained evidence – that is, material that would "aid in a particular apprehension or conviction." *Warden v. Hayden*, 387 U.S. 294, 307 (1967). Defendants have offered no theory under which the car itself could aid in the prosecution of Prince Hines, and we can think of none. Even if Defendants had probable cause to believe that the vehicle contained narcotics at the time of the seizure – and they have not supplied information sufficient to support

3

such a finding – they could not have maintained that position after their inventory search of the vehicle shortly thereafter. In sum, Defendants either violated Constance Hines' due process rights by failing to afford her a hearing promptly after seizing her car for forfeiture purposes, or they violated her right against unreasonable seizures by seizing her car for evidentiary purposes without probable cause.

Defendants also contend that the City of Albany cannot be liable under a *Monell* claim. We disagree. Plaintiffs based their *Monell* claim on a theory that "municipal liability may be imposed for a single decision by municipal policymakers . . . whose acts or edicts may fairly be said to represent official policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). "[W]here action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly"; municipal liability, however, "attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 483; *see also Vives v. City of N.Y.*, 524 F.3d 346, 350 (2d Cir. 2008). In *Pembaur*, the Supreme Court looked to "standard office procedure" to define the nature of the relationship between the final decisionmaker—in that case, the county prosecutor—and the individuals directed to carry out the final decisionmaker's order—the county sheriffs—in order to determine the extent to which the county prosecutor's legal advice was "a deliberate choice to follow a course of action" that ultimately resulted in a constitutional violation. *Pembaur*, 475 U.S. at 484-85.

As was the case in *Pembaur*, in this case the Albany Police Department followed a "standard" procedure in seizing the vehicle and handling Constance Hines' complaints. Under the Albany City Code, the Police Chief is expressly authorized to "make, adopt and enforce such

4

reasonable rules, orders and regulations" necessary for the Police Department's "performance of all duties." Albany City Code § 42-6(A). The Albany Police Department has a designated unit that handles the seizure and holding of property, including vehicles, but the head of this unit, defendant Michael Haggerty, "actually reports to" the Police Chief. The Police Chief testified that he retained some discretion to refuse to seize a vehicle when the Albany Police Department was working in concert with another law enforcement agency. The Police Chief further testified that it was the policy of the Department for the Police Chief to handle the complaints of citizens. Under these circumstances, the Police Chief was the final decisionmaker responsible for establishing the policy "with respect to the subject matter in question" in this case.

Further, the "official responsible for establishing final policy with respect to the subject matter in question"—the Police Chief—made "a deliberate choice to follow a course of action" that resulted in the constitutional deprivation Constance Hines suffered. He testified that he was aware of the continued "safekeeping" of Constance Hines' vehicle, and he further testified that, "I know I talked to her on a number of occasions," which he specified was five times. In response to a letter from Constance Hines' counsel, the Police Chief responded by letter that the "vehicle is in the possession of the Albany Police Department" and that the Department and another agency had "seized the vehicle" to be "held by these agencies until [a narcotics] investigation is complete." The Police Chief thus knew of and addressed Hines' complaints about the continued retention of her vehicle and, like the county prosecutor in *Pembaur*, the Police Chief made a "considered decision" that the Albany Police Department would continue to retain the vehicle. That this decision violated the Fourth Amendment is unaltered by the fact that the Police Department was cooperating with the Attorney General's Organized Crime Task

5

Force in seizing the vehicle for the Task Force's prosecution of individuals involved in a narcotics conspiracy.

We have considered all of Defendants' remaining arguments and find them to be without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk