14-2299-cv(L)
Hines v. City of Albany

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of June, two thousand fifteen.

Present:      AMALYA L. KEARSE,
              ROSEMARY S. POOLER,
              DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

CONSTANCE HINES, MARSHAY HINES,

                     *Plaintiffs-Appellees-Cross-Appellants*,

              v.                                          14-2299-cv(L),
                                                          14-4045-cv (XAP)
CITY OF ALBANY, JAMES W. TUFFEY, Albany Chief of Police,
BRIAN QUINN, Albany Police Officer, JEFF ROBERTS,
MICHAEL HAGGERTY, Albany Police Officer,

                     *Defendants-Appellants-Cross-Appellees*,

ALBANY POLICE DEPARTMENT, JOHN MONTE, Albany Police
Officer, ALFRED MARTIN, Albany Police Officer, BRIAN PLANTE,
Albany Police Officer, ROBERT MULLIGAN, Albany Police Officer,
ROBERT SHUNCK, Albany Police Officer, STEVEN KROKOFF,
Albany Assistant Chief of Police, JEFFREY HYDE, TIM HAGGERTY,
Albany Police Officer,

                     *Defendants.*

_____

Appearing for Appellants-Cross-Appellees:      Stephen J. Rehfuss, Rehfuss, Liguori &
                                               Associates, P.C., Latham, N.Y.

Appearing for Appellees-Cross-Appellants:     Phillip G. Steck, Cooper Erving & Savage LLP, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendants-appellants-cross-appellees City of Albany, Albany Chief of Police James W. Tuffey, Albany Police Officer Brian Quinn, Albany Police Officer Jeff Roberts, and Albany Police Officer Michael Haggerty appeal from the June 5, 2014 order of the United States District Court for the Northern District of New York (Suddaby, *J.*) granting in part and denying in part Plaintiffs-appellees-cross-appellants' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Plaintiffs-appellees-cross-appellants Constance Hines and Marshay Hines cross-appeal from the same order. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, we affirm the district court's conclusion as to prevailing party status. "[I]n order to be considered a prevailing party . . . a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003) (internal quotation marks omitted). On appeal, Defendants only challenge the first prong of this analysis, contending that Plaintiffs are not prevailing parties because Marshay Hines did not succeed on her claim and Constance Hines only favorably settled a portion of her claims. However, "the prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Indeed, "[t]he question of whether a plaintiff is a 'prevailing party' within the meaning of the fee-shifting statutes is a threshold question that is separate from the question of the degree to which the plaintiff prevailed." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998). "It is sufficient that the plaintiff succeeded on any significant issue in the litigation, regardless of the magnitude of the relief obtained." *Id.* (internal quotation marks, alterations, and citations omitted). Here, Defendants concede that at least one of the Plaintiffs succeeded on at least a portion of her claims, with Constance Hines achieving a favorable settlement of her claim regarding the illegal seizure and retention of her vehicle. This is a sufficient basis for prevailing party status.

We next address the parties' respective challenges to the amount of attorneys' fees awarded by the district court. "We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011).

We first reject Defendants' contention that Plaintiffs were not entitled to any fees because any relief received was de minimis. *See Farrar*, 506 U.S. at 115 ("When a plaintiff

2

recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." (internal citation omitted)). We are unpersuaded by Defendants' attempts to characterize the $10,000 settlement in this case as meager. Moreover, the success here was hardly technical. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 168 (2d Cir. 2011) ("[W]here the plaintiff manages to prevail on a technicality in a mostly frivolous lawsuit, a court should award no attorneys' fees to discourage such lawsuits."). The district court granted summary judgment in favor of Constance Hines on the ultimately settled claim, and this decision was affirmed by this Court. *See Hines v. Albany Police Dep't*, 520 F. App'x 5, 8 (2d Cir. 2013).

We similarly reject Plaintiffs' challenge to the district court's determination of the reasonable hourly rate for Plaintiffs' counsel. "[D]etermination of a reasonable hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'" *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)). Here, the district court acted well within its broad discretion in concluding that attorney Marcelle's rate should not be higher than attorney Steck's rate in light of the fact that attorney Steck had more years of experience.

In addition, we find no abuse of discretion in the district court's determination of the reasonable hours expended during this case. When reviewing a fee application, a district court should "examine[] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case," and if it "concludes that any expenditure of time was unreasonable, it should exclude these hours" from the fee calculation. *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). Here, the district court reduced Plaintiffs' attorneys' claimed hourly total by 30% due to a variety of concerns regarding the billing entries of both attorney Marcelle and the attorneys from Cooper Erving & Savage. We have held that in dealing with items that are "excessive, redundant, or otherwise unnecessary, . . . the [district] court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted).

Plaintiffs nevertheless contend that the district court abused its discretion in basing this 30% reduction, in part, on block-billing by attorneys from Cooper Erving & Savage. We have previously concluded that block-billing – the grouping of multiple tasks into a single billing entry – is not per se unreasonable. *See Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 266 (2d Cir. 2014). Here, however, the district court concluded that the block-billed time entries by the Cooper Erving & Savage attorneys frustrated meaningful review of the reasonableness of the claimed hours. *Cf. Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 515 (S.D.N.Y. 2010) ("While block-billing is disfavored and may lack the specificity for an award of attorneys' fees, it is not prohibited as long as the court can determine the reasonableness of the work performed.") (internal quotation marks omitted). In light of this conclusion, and given the broad discretion afforded district courts in determining the reasonableness of a fee application, we cannot conclude that the district court abused its discretion in basing its 30% reduction, in part, on the prevalence of block-billed time entries.

3

Similarly, in light of this broad discretion, we reject Defendants' arguments for a further reduction of compensable hours. Primarily, Defendants contend that the district court erred in failing to reduce Plaintiffs' fees to account for their partial success, and thus exclude time spent on unsuccessful claims. However, we have held that where "the plaintiff's claims involve a common core of facts or are based on related legal theories, and are therefore not severable, attorney's fees may be awarded for unsuccessful claims as well as successful ones." *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004) (internal quotation marks, citations, and alterations omitted). "The question of attorneys' fees, including fees with respect to unsuccessful claims, is an issue left to the discretion of the district court." *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996). "Where the district court determines that the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal theories,' it is not an abuse of discretion for the court to award the entire fee." *Id.* (quoting *Dominic v. Consol. Edison Co. of N.Y., Inc.*, 822 F.2d 1249, 1259 (2d Cir. 1987)). Here, all of Plaintiffs' claims arise out of a common core of facts – a police operation to execute an arrest warrant for Price Hines at the Hines' residence, during which Constance and Marshay Hines were detained and Constance's vehicle was seized. While the legal remedies for each seizure differed, all of the causes of action were traceable to a single police operation carried out at the same time and place. Accordingly, the district court's decision not to reduce fees on the basis of partial success was not, in our view, an abuse of discretion.

We likewise reject Defendants' argument that the district court abused its discretion by failing to reduce the claimed hours further based on alleged overstaffing by attorneys from Cooper Erving & Savage. While "a trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, . . . for the most part such decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side is to bear its own costs with respect to these appeals.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk