16-1056-cv
Hines v. City of Albany

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2016

(Argued: October 13, 2016   Decided: July 6, 2017)

Docket No. 16-1056-cv

———————————————

CONSTANCE HINES, MARSHAY HINES,

*Plaintiffs-Appellants*,

v.

THE CITY OF ALBANY, BRIAN QUINN, Albany Police Officer, JAMES W. TUFFEY, Albany Chief of Police, JEFF ROBERTS, ROBERT MULLIGAN, Albany Police Officer, MICHAEL HAGGERTY, Albany Police Officer, ROBERT SHUNCK, Albany Police Officer, JEFFREY HYDE, Albany Police Officer, TIM HAGGERTY, Albany Police Officer,

*Defendants-Appellees.*[*]

———————————————

Before:

LIVINGSTON and LOHIER, *Circuit Judges*, and RAKOFF, *District Judge*.[**]

———————————————

[*] The Clerk of Court is directed to amend the caption as set forth above.

[**] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Constance and Marshay Hines appeal from an order denying their motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 after having previously been granted partial summary judgment on their claim under 42 U.S.C. § 1983. After our affirmance on the merits, the District Court granted the plaintiffs a reduced award of attorneys' fees under Section 1988. The defendants appealed this award, and the plaintiffs cross-appealed. We affirmed the District Court's award of attorneys' fees to the plaintiffs, stating "[e]ach side is to bear its own costs with respect to these appeals." The plaintiffs then moved for an award of the attorneys' fees incurred in litigating the appeal and cross-appeal. Relying principally on our instruction that "[e]ach side is to bear its own costs," the District Court denied the plaintiffs' motion for attorneys' fees. Because we hold that our reference to "costs" in the context of Federal Rule of Appellate Procedure 39 did not include attorneys' fees, we **VACATE** the order and **REMAND** to the District Court for further proceedings consistent with this opinion.

PHILLIP G. STECK, Cooper Erving & Savage LLP, Albany, New York, *for Plaintiffs-Appellants*.

STEPHEN J. REHFUSS, The Rehfuss Law Firm, P.C., Latham, New York, *for Defendants-Appellees*.

LOHIER, *Circuit Judge*:

Constance and Marshay Hines appeal from an order of the United States District Court for the Northern District of New York (Suddaby, C.J.) denying their motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. This is the third time this case has been before us on appeal, starting with our affirmance of the grant of partial summary judgment in the

plaintiffs' favor on their Section 1983 claim against the City of Albany, its Chief of Police, and individual officers. Following our affirmance on the merits, the District Court granted the plaintiffs a reduced award of attorneys' fees under 42 U.S.C. § 1988. The defendants appealed the fee award, and the plaintiffs cross-appealed. We affirmed the award in a summary order on appeal, stating "[e]ach side is to bear its own costs with respect to these appeals." Hines v. City of Albany, 613 F. App'x 52, 56 (2d Cir. 2015). The plaintiffs then moved for an award of the attorneys' fees incurred in defending against the defendants' appeal and pursuing their cross-appeal. Relying principally on our instruction that "[e]ach side is to bear its own costs," the District Court denied the plaintiffs' motion for attorneys' fees. Because we hold that our reference to "costs" in the context of Federal Rule of Appellate Procedure 39 did not include attorneys' fees, we **VACATE** the order and **REMAND** to the District Court for further proceedings consistent with this opinion.

**BACKGROUND**

In 2006 officers of the Albany Police Department arrested Constance Hines's son at her home as part of a drug investigation. During the course of

3

the arrest, Constance Hines and her daughter, Marshay Hines, were themselves handcuffed, and the police seized and impounded Constance Hines's SUV. Hines v. City of Albany, No. 1:06-CV-01517 (NPM), 2011 WL 2620381, at *3, *6 (N.D.N.Y. July 1, 2011), aff'd sub nom. Hines v. Albany Police Dep't, 520 F. App'x 5 (2d Cir. 2013). The plaintiffs were released the same day, but the SUV remained impounded for fifteen months. Id. at *10–11, *15.

The plaintiffs sued under 42 U.S.C. § 1983, claiming that the police illegally held them for over six hours and that the SUV was illegally seized and retained without affording Constance Hines a hearing to contest the seizure, as required by Krimstock v. Kelly, 306 F.3d 40, 68 (2d Cir. 2002). As relevant here, a District Judge granted partial summary judgment in the plaintiffs' favor on the claims concerning unreasonable seizure and retention of the SUV. Hines, 2011 WL 2620381, at *14–17. On appeal, we affirmed the partial grant of summary judgment. Hines, 520 F. App'x at 6–7. The parties thereafter settled, and the plaintiffs received $10,000 for having lost the use of the SUV.

The plaintiffs moved for an award of $213,395 in attorneys' fees and $1,548.62 in costs under 42 U.S.C. § 1988. See Hines v. City of Albany, No. 1:06-CV-1517 (GTS/RFT), 2014 WL 12613275, at *2 (N.D.N.Y. June 5, 2014). Concluding that the plaintiffs were the prevailing party, the District Court awarded them attorneys' fees in the reduced amount of $132,217.75 and costs of $1,548.62. Id. at *5, 8–9.

Unhappy with this result, the defendants appealed the award of attorneys' fees, arguing that the plaintiffs were not the "prevailing party" under Section 1988 in light of their "de minimis" relief, and, in the alternative, that the plaintiffs' award should be reduced. The plaintiffs cross-appealed, seeking an increase in the award based on the full rates and hours billed. We affirmed the District Court's award in a summary order, which we concluded by stating "[e]ach side is to bear its own costs with respect to these appeals." Hines, 613 F. App'x at 56.

As relevant here, the plaintiffs then moved before the District Court for an award of attorneys' fees of $13,642.50 incurred while defending against the defendants' appeal and pursuing their cross-appeal. The District Court denied the plaintiffs' motion, concluding that our mandate that each party

5

"bear its own costs" with respect to the appeals "foreclosed the possibility of an award of attorney's fees under Section 1988, which are part of the 'costs' under that statute." Hines v. City of Albany, No. 1:06-CV-1517 (GTS/RFT), 2016 WL 7166103, at *2 (N.D.N.Y. Mar. 22, 2016). In other words, because Section 1988 permits attorneys' fees to be included "as part of the costs" that may be awarded to a prevailing party in a civil rights action, the District Court reasoned that our reference to costs must have included attorneys' fees. See id.

This appeal followed.

**DISCUSSION**

We ordinarily review a denial of attorneys' fees under Section 1988 for abuse of discretion, Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006), recognizing that "[a]lthough a district court typically has wide discretion in choosing whether to deny attorneys' fees, . . . this discretion is narrowed by a presumption that successful civil rights litigants should ordinarily recover attorneys' fees unless special circumstances would render an award unjust," Raishevich v. Foster, 247 F.3d 337, 344 (2d Cir. 2001). Where, as here, "an appellant's contention on appeal regarding an award of attorneys' fees is that

6

the district court made an error of law in granting or denying such an award, the district court's rulings of law are reviewed de novo."  Union of Needletrades, Indus. & Textile Emps. v. INS, 336 F.3d 200, 203 (2d Cir. 2003) (quotation marks omitted).

1. The Meaning of Costs Under Rule 39

An award of costs on appeal is granted pursuant to Federal Rule of Appellate Procedure 39, which describes the manner in which costs should be taxed without explicitly defining the costs themselves.[1]  See Adsani v. Miller, 139 F.3d 67, 74 (2d Cir. 1998).  "Rule 39 provides only that (unless the court orders otherwise) costs on appeal go to the winner, and that certain procedures be followed in the taxing of these costs . . . ."  Id. at 74–75.  The Advisory Committee's notes to Rule 39 in turn refer to 28 U.S.C. § 1920, which provides "[s]tatutory authorization" for certain enumerated costs that may be

_____

[1] Rule 39 is divided into five subdivisions.  The first four subdivisions describe (a) against whom costs will be assessed, (b) when costs may be assessed for or against the United States, (c) the maximum rate for costs of briefs, appendices, and copies of records, and (d) the procedure by which a party seeking costs may claim them.  The fifth subdivision provides that certain administrative costs incurred on appeal will be taxed in the district court.  See Fed. R. App. P. 39.

taxed under Rule 39.  Fed. R. App. P. 39 advisory committee's note to 1967 adoption (providing that "[s]tatutory authorization of costs is found in 28 U.S.C. § 1920"); see also 28 U.S.C. § 1920 (identifying what "may" be "tax[ed] as costs").  The costs listed under Section 1920 do not include attorneys' fees,[2] reflecting the "'American rule' that attorney's fees ordinarily are not among the costs that a winning party may recover."  Roadway Express, Inc. v. Piper, 447 U.S. 752, 759 (1980); see also Marek v. Chesny, 473 U.S. 1, 8 (1985).  But the American rule is not absolute; it yields to a federal statute authorizing an award of attorneys' fees to a prevailing party.  See Roadway Express, 447 U.S. at 759–61; Marek, 473 U.S. at 8–9; Adsani, 139 F.3d at 74.

Here, as noted, the District Court denied the plaintiffs' motion for attorneys' fees because it interpreted our instruction that "[e]ach side is to bear its own costs" to bar an award of attorneys' fees.  Hines, 613 F. App'x at 56.  We have not previously considered whether an award of costs on appeal

---

[2] "Section 1920 lists clerk's and marshal's fees, court reporter charges, printing and witness fees, copying costs, interpreting costs, and the fees of court-appointed experts.  Section 1920 also permits the assessment of the attorney 'docket' fees set by 28 U.S.C. § 1923."  Roadway Express, Inc. v. Piper, 447 U.S. 752, 758 (1980).

pursuant to Rule 39 includes attorneys' fees under a separate statute, Section 1988, which authorizes attorneys' fees "as part of [] costs." To answer that question we turn to the Supreme Court's decisions in <u>Roadway Express</u> and <u>Marek</u>, as well as our decision in <u>Adsani</u>.

In <u>Roadway Express</u>, the Supreme Court held, as relevant here, that attorneys' fees sought under Section 1988 were not part of the costs that could be assessed under 28 U.S.C. § 1927 against a party found to have engaged in vexatious litigation.[3] 447 U.S. at 760–61. The Court observed that costs under Section 1927 were "generally . . . defined . . . according to 28 U.S.C. § 1920," which, as we have noted, does not include attorneys' fees in its enumeration of costs, and so the Court declined to look beyond those two provisions—for example, to Section 1988. <u>Id.</u> at 757, 761. Later, in <u>Marek</u>, the Supreme Court held that attorneys' fees under Section 1988 could be awarded under the cost-

---

[3] At the time, "Section 1927 provide[d] that lawyers who multiply court proceedings vexatiously may be assessed the excess 'costs' they create. The provision, however, [did] not define the critical word ['costs']." <u>Roadway Express,</u> 447 U.S. at 757; <u>see</u> 28 U.S.C. § 1927 (1976).

shifting provision of Rule 68 of the Federal Rules of Civil Procedure.[4] Marek, 473 U.S. at 11–12. The Court distinguished Roadway Express by explaining that unlike Section 1927, which was understood to incorporate Section 1920's definition of costs that "did not include attorney's fees," "Rule 68 does not come with a definition of costs" but "incorporates the definition of costs that otherwise applies to the case." Id. at 9 n.2.

In Adsani, we considered whether a district court could require an unsuccessful plaintiff alleging copyright infringement to post a bond under Rule 7 of the Federal Rules of Appellate Procedure to cover attorneys' fees incurred on appeal.[5] 139 F.3d at 69–71. After reviewing Roadway Express and Marek, we determined that Rule 7 did not define costs and that Rule 39 also did not supply a definition of costs for Rule 7. Id. at 74. We therefore read Rule 7 together with the relevant underlying substantive statute in the

---

[4] Rule 68 provides in relevant part: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

[5] Rule 7 provides that, in a civil case, a district court "may require an appellant to file a bond . . . in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.

case, Section 505 of the Copyright Act, 17 U.S.C. § 505, to conclude that attorneys' fees were properly included in a Rule 7 bond. Id. at 75, 79.

Roadway Express, Marek, and Adsani suggest that not every reference to "costs" on appeal includes attorneys' fees under a relevant substantive statute. Instead, where a rule concerning costs defines them without reference to attorneys' fees, or where the context of the rule suggests the incorporation of such a definition, attorneys' fees are not part of the costs to be taxed under that rule. This remains true even where the underlying substantive statute under which attorneys' fees are sought itself refers to the availability of attorneys' fees "as part of costs." Accordingly, while we recognized in Adsani that Rule 39 does not define costs, 139 F.3d at 75, the Rule is not silent as to the scope of those costs, either. Subsections (c) and (e) list certain administrative costs, see L-3 Commc'ns Corp. v. OSI Sys., Inc., 607 F.3d 24, 29 (2d Cir. 2010) (referencing these subsections and explaining that Rule 39 "determines what costs are available"), and, as discussed, the Advisory Committee's notes identify 28 U.S.C. § 1920, which excludes attorneys' fees in its list of costs, as the Rule's statutory authorization. We

11

therefore hold that Rule 39 "costs" do not include Section 1988 attorneys' fees.[6]

Certainly, we may separately rule on a request for attorneys' fees on appeal pursuant to a fee-shifting statute that authorizes such fees. See, e.g., Perez v. Westchester Cty. Dep't of Corr., 587 F.3d 143, 156 (2d Cir. 2009); Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 101 (2d Cir. 1997); Cohen v. W. Haven Bd. of Police Comm'rs, 638 F.2d 496, 506–07 (2d Cir. 1980). But when we do that we typically (but, unfortunately, not always) say so explicitly, consistent with the recognition that the term "costs" under Rule 39

[6] Holding otherwise makes little practical sense in light of the different degrees of discretion afforded to courts with respect to the taxation of costs on one hand, and the award of attorneys' fees on the other. While courts have "wide discretion in the taxation of costs," DLC Mgmt. Corp. v. Town of Hyde Park, 179 F.3d 63, 64 (2d Cir. 1999) (per curiam), the discretion to deny attorneys' fees to a prevailing plaintiff in a civil rights case is "narrow," N.Y. Gaslight Club, Inc. v. Carey, 447 U.S. 54, 68 (1980), such that, "in [the] absence of special circumstances," they "must" be awarded, Indep. Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989). As the Ninth Circuit explained in similar circumstances in Family PAC v. Ferguson, 745 F.3d 1261, 1268 (9th Cir. 2014), we may ordinarily find that a plaintiff is not entitled to costs where, for example, he prevails only on a portion of his appeal, yet he might nonetheless still be entitled to attorneys' fees as a prevailing party in such circumstances. A ruling on Rule 39 costs therefore should not, and we hold does not, resolve the question of whether the plaintiff is entitled to attorneys' fees under a separate statutory provision.

does not include attorneys' fees. See, e.g., Russman v. Bd. of Educ. of City of Watervliet, 150 F.3d 219, 222 (2d Cir. 1998) ("Each party shall bear their own costs and attorneys' fees."); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1215 (2d Cir. 1993) ("Each party to bear its own costs, including attorney's fees."); DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985) ("[A]ttorney's fees should not be awarded for this appeal. No costs."); G. Ricordi & Co. v. Paramount Pictures, Inc., 189 F.2d 469, 472 (2d Cir. 1951) ("Each party shall bear its own appellate costs and no attorney's fees are awarded to either party.").

Turning to our order in this case, we expressly distinguished between "costs" and "attorneys' fees" in the body of the order, but our decretal language referred only to costs. See Hines, 613 F. App'x at 53, 56 (recognizing that the appeal concerned an order granting "attorneys' fees and costs pursuant to 42 U.S.C. § 1988," but ordering only that "[e]ach side bear its own costs"). This careful distinction reinforces our view that the "costs" denied on this appeal did not include attorneys' fees.

Consistent with our holding above, we therefore conclude that our denial of costs under Rule 39 did not foreclose an award of attorneys' fees

13

because such fees were not expressly denied. In doing so, we agree with a majority of our sister circuits that have considered the question and similarly distinguished an award of costs under Rule 39 from an award of attorneys' fees under Section 1988 or similar fee-shifting statutes. See Family PAC v. Ferguson, 745 F.3d 1261, 1269 (9th Cir. 2014); McDonald v. McCarthy, 966 F.2d 112, 118–19 (3d Cir. 1992); Chem. Mfrs. Ass'n v. EPA, 885 F.2d 1276, 1278 (5th Cir. 1989); Lattimore v. Oman Constr., 868 F.2d 437, 440 n.6 (11th Cir. 1989), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 556, 567 (1992); Kelley v. Metro. Cty. Bd. of Educ., 773 F.2d 677, 681 (6th Cir. 1985) (en banc); Farmington Dowel Prods. Co. v. Forster Mfg. Co., 421 F.2d 61, 91 (1st Cir. 1969). But see Montgomery & Assocs., Inc. v. CFTC, 816 F.2d 783, 784 (D.C. Cir. 1987) (holding that a party's failure to timely file a bill of costs pursuant to Rule 39(d) foreclosed an award of attorneys' fees under the fee-shifting provision of the Commodity Exchange Act).

## 2. Defendants' Remaining Arguments

In urging affirmance, the defendants advance two other arguments that merit discussion.[7] First, they assert that because the plaintiffs' fee application does not concern the merits of the underlying case, an award of fees "only [affects] the economic interests of Plaintiffs' counsel" without implicating the policy concerns of Section 1988. Appellees' Br. at 10. Second, they claim that the plaintiffs were not the prevailing party on the prior appeal because our summary order "left the District Court's original decision completely unaltered" and did not "effect[] [a] material alteration of the legal relationship between the parties," id. at 12, as required by Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001). We reject both arguments.

### A. The Purpose of Section 1988

We think the policy concerns supporting an award of fees on the underlying merits of a case before a district court apply with equal force to

---

[7] The District Court indicated that, even if Rule 39 costs did not include attorneys' fees, it "would find that each side should bear its own costs and fees, for the reasons stated in Defendants' memorandum of law." Hines, 2016 WL 7166103, at *2.

15

the defense of that award on appeal. In enacting Section 1988, Congress asserted that the "'civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which [those] laws contain.'" Hensley v. Eckerhart, 461 U.S. 424, 445 (1983) (Brennan, J., concurring in part and dissenting in part) (quoting S. Rep. No. 94–1011, at 2 (1976)); see H.R. Rep. No. 94-1558 (1976). "Congress enacted § 1988 solely to make certain that attorneys representing plaintiffs whose rights had been violated could expect to be paid . . . ." Hensley, 461 U.S. at 454. With that understanding in mind, we have held that a "culpable defendant should not be allowed to cause the erosion of fees awarded to the plaintiff for time spent in obtaining the favorable judgment by requiring additional time to be spent thereafter without compensation." Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999). "[T]o hold otherwise would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance and automatic appeals." Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979) (quotation marks omitted), aff'd, 448 U.S. 122 (1980). It would also run contrary to the "presumption that successful civil rights

litigants should ordinarily recover attorneys' fees." Raishevich, 247 F.3d at 344.

Prevailing parties under Section 1988 are therefore entitled to recover a reasonable fee for preparing and defending a fee application. See Weyant, 198 F.3d at 316. That includes attorneys' fees incurred as a result of appeals related to the defense of a fee award. See id. at 317; see also Perez, 587 F.3d at 156 (remanding "to determine a reasonable fee award" for time prevailing plaintiff "spent defending their award on appeal"). We are mindful of the Supreme Court's admonition that disputes over attorneys' fees "should not result in a second major litigation." Hensley, 461 U.S. at 437; cf. Goodman v. Heublein, Inc., 682 F.2d 44, 48 (2d Cir. 1982) (denying appellate attorneys' fees where the case was six years old and the court deemed it to have "gone on long enough"). But we conclude that the plaintiffs here were entitled to attorneys' fees on appeal under Section 1988 even though it was their third fee application.

### B. Prevailing Party Status

We are also not persuaded by the defendants' claim that the plaintiffs were not the "prevailing party" on their prior appeal. Buckhannon, on which

17

the defendants rely, concerned only whether a party could be a "prevailing party" if it "failed to secure a judgment on the merits or a court-ordered consent decree" and instead obtained only a "voluntary change in the defendant's conduct."  532 U.S. at 600.  The Supreme Court in Buckhannon did not insist on an alteration in the parties' legal relationship at every stage of a defendant's post-judgment challenge.  Such a requirement would unreasonably foreclose an award of fees for services rendered in connection with an appeal whenever a plaintiff prevails before the district court and is affirmed on appeal.  It suffices that the plaintiffs were the prevailing party on the merits of their claim and successfully defended against the defendants' challenge to that award.

## CONCLUSION

We have considered the defendants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is **VACATED** and the matter is **REMANDED** to the District Court with instructions to determine a reasonable award of attorneys' fees consistent with this opinion.  Plaintiffs-appellants are also entitled to recover

reasonable attorneys' fees in connection with this appeal. We leave it to the District Court on remand to determine the amount of fees.